IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY D. PARKER ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 11-3142-CV-S-RED-H |
| JUAN CASTILLO, Warden ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied state jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he is entitled to a *nunc pro tunc*, or retroactive designation, and that he should receive credit towards his federal sentence for time spent in state custody for service of later-imposed state sentences. He has exhausted administrative remedies, and was informed on January 27, 2011 that his request for *nunc pro tunc* designation was denied by the Bureau of Prisons ["BOP"]. [Respondent's Ex. 1, Attach. G at 8-9].

After a Show Cause Order, a Response was filed. Thereafter, petitioner filed a traverse in which he reasserted the allegations of his original petition.

The time line in this case, as it relates to the relevant criminal convictions sustained by petitioner, is not in dispute. Petitioner was sentenced in the Western District of Tennessee on March 30, 2001, for being a felon in possession of a firearm. This sentence of 27 years and three months is the one he is currently serving. On October 1, 2001, approximately six months after his federal sentence was imposed, petitioner was sentenced by the state of Tennessee to an 18-year aggregate term of imprisonment for unlawful possession of a weapon and aggravated robbery (two counts), convicted person in possession of a handgun, and car jacking. He served the 18-year sentence prior to serving his federal sentence, which began on January 8, 2009. Petitioner seeks credit from the time he was sentenced by the federal court, March 30, 2001, through the date he was received into federal custody for service of his current federal sentence, January 8, 2009. He argues that he is entitled to a *nunc pro tunc* designation.

The law is clear that a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). An individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. Additionally, a federal prisoner is not entitled to credit on a federal sentence when he has received credit on a state sentence for the same time period. U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 114 S.Ct. 1629 (1994).

As noted by respondent, however, as a result of the decision in Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990), the BOP will consider an inmate's request for prior custody credit for time spent in state custody, as a request for a *nunc pro tunc* designation. "In accordance with Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with

the goals of the criminal justice system." [Respondent's Exhibit 1, Attach. H, at 59]. While the inmate may request a *nunc pro tunc* designation, and the BOP must consider the request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence, it is the BOP's position that there is no obligation under Barden to grant the request. [Program Statement 5160.05, at 6]. Additionally, such a designation may be made retroactively, after the imposition of the federal sentence, based on a court order, or pursuant to an inmate's request for *nunc pro tunc* (occurring now as though it had occurred in the past) designation. If a *nunc pro tunc* designation is granted by the BOP, the BOP retroactively designates the state facility in which the inmate was incarcerated as the place to serve his federal sentence. This designation has the effect of commencing the federal sentence upon imposition, thereby making the federal and state sentence served concurrently. According to respondent, if a *nunc pro tunc* designation were to be granted in petitioner's case, his projected release date would change from July 2, 2034, to approximately November 8, 2025.

It is asserted by respondent that when determining whether a *nunc pro tunc* designation is appropriate, the BOP reviews the inmate's request in accordance with the relevant factors pursuant to 18 U.S.C. §3621(b), which addresses the place to designate an inmate to serve his federal sentence. These factors include: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the prisoner's history and characteristics; 4) any statement by the sentencing court regarding the purpose of the sentence or recommendation regarding the type of facility for confinement; and 5) any policy statement issued by the Sentencing Commission.

In petitioner's case, respondent states that the most relevant factors were considered to be factor two (the nature and circumstances of the offense); factor three (the history and circumstances of the prisoner); and factor four (statement by the sentencing court). Regarding factor two, the BOP noted that petitioner's federal offense was a felon in possession of a firearm and supervised release

violation, and his state offense was unlawful possession of a weapon, aggravated robbery, convicted person in possession of a handgun, car jacking and especially aggrieved kidnaping. Under factor three, the BOP noted that petitioner has an extensive criminal history, including convictions for burglary, weapons' offenses, several convictions for assault, and drug offenses. Regarding factor four, it is respondent's position that the sentencing order was silent regarding whether the federal sentence should be served concurrent to any future imposed sentence. The BOP's Designation and Sentence Computation Center ["DSCC"] contacted the sentencing court regarding its position on retroactive designation. At the time of the DSCC review, the judge had not responded. The DSCC determined that a retroactive designation would be inappropriate in petitioner's case due to his propensity to commit serious crimes of violence. After the DSCC had completed its review, on March 7, 2011, a response was received from Judge Jon P. McCalla, Chief United States District Judge for the Western District of Tennessee. In his response, the judge indicated that the normal practice in his court is to recommend that the federal sentence be served consecutively to the state sentence because the conduct of the state offense was not considered relevant conduct in connection with the federal offense. "Of course, I understand that the Bureau of Prisons has much additional information in connection with this defendant and will conduct an overall review regarding whether or not the sentence should be consecutive or whether or not it should be concurrent." [Respondent's Ex. 1 ¶ 13, Attach. J).

It is respondent's position that the sentencing court recommended that the federal sentence run consecutively to petitioner's state sentence. Therefore, the BOP did not change its determination that a *nunc pro tunc* designation was inappropriate in petitioner's case. Respondent contends that the BOP properly exercised its discretion in its decision to deny petitioner's request, and that this decision is entitled to substantial deference by the Court and should be upheld.

A more-detailed review of the time line in this case indicates that petitioner was in state custody pending prosecution for state crimes committed in 1999 and 2000 when he was charged in the Western District of Tennessee with violating the conditions of his supervised release. He was also indicted in that district on two counts of being a felon in possession of a firearm. A federal writ of habeas corpus ad prosequendum was issued for purposes of prosecuting him on the federal charges, and petitioner was temporarily released from state custody to federal custody numerous times until his sentencing on both charges in federal court. He was sentenced in the Western District of Tennessee to a 24-month supervised release violator term on October 17, 2000. On March 30, 2001, he was sentenced to 27-years, 3-months imprisonment for the felon-in-possession charges. Following each of these sentences, he was returned to state custody pursuant to the terms of the writ. On October 31, 2000, he was sentenced by the state to an 11-month, 29 day term of imprisonment, to be served consecutively to any pending case; on October 1, 2001, he was sentenced in the same court to an 18-year aggregate term of imprisonment for unlawful possession of a weapon and two counts of aggravated robbery, convicted person in possession of a handgun, and car jacking. Petitioner was given credit towards his state sentences by the state for all time spent in custody prior to sentencing on each of his state charges. He was released from state custody to federal custody on January 8, 2009; his 24-month supervised release term for being a felon in possession of a firearm began on that day, pursuant to 18 U.S.C. § 3585(a), the day he was received in custody. That sentence expired on October 5, 2010, and his 27-year, 3-month term of imprisonment for being a felon in possession commenced on that day.

28 U.S.C. § 2241 is the proper means for challenging the BOP's computation of jail time credit. U.S. v. Tinsdale, 455 F.3d 885, 888 (8th Cir. 2006). Multiple terms of imprisonment imposed at different times run consecutively, unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). In petitioner's case, the judgment in the federal case was silent as to whether the sentence was to be consecutive or concurrent to any other sentences, with the exception that the sentences of 27-years, 3-months as to each count of being a felon in possession of a firearm were to run concurrently. Although respondent submits that the judge's eventual response was that the federal sentence was to run consecutively to his state sentence, that is not entirely clear from the record. When contacted and asked whether he intended the federal and state sentences to be concurrent, the federal sentencing judge indicated that it was his usual practice for the federal sentence to be consecutive since the conduct of the state offense was not considered relevant conduct in connection with the federal offense. The sentencing judge also expressed a willingness to defer to the BOP regarding whether or not the sentence should be consecutive or concurrent.

Petitioner contends that it is clear from the sentencing court's response that the court "was laboring under the misunderstanding that Petitioner's federal and state sentences were unrelated to each other, and that the conduct which was the subject of the state convictions was not relevant conduct to the federal conviction." [Traverse, at 3]. Petitioner submits that this was error on the part of the sentencing court. He asserts that, according to the Presentence Investigation Report ["PSR"], the Tennessee charges were listed as pending charges, and that the PSR clearly states that these charges were the same as the instant offense, which is the sentence petitioner is now serving. Therefore, he contends that the plain meaning of this is that the state convictions were relevant conduct to the instant offense. He also states that his federal sentence was enhanced four points pursuant to the guidelines for possession or use of a firearm in connection with another felony offense, which "clearly indic[ates] that the Tennessee offenses were considered relevant conduct for sentencing purposes in the instant offense." Id. Petitioner asserts that in responding to the inquiry by the BOP, the sentencing court should at least have had accurate information relating to the

relevant conduct aspects of his decision. He contends that fundamental fairness requires that respondent be ordered to contact the sentencing court again, and to include the correct information "about the Tennessee convictions being counted as relevant conduct in the federal offense." [Traverse, at 5].

The Court has reviewed the PSR on this issue. Petitioner is correct that the PSR states that the charges in state court of aggravated robbery (two counts), convicted felon in possession of a handgun, car jacking, and especially aggravated kidnaping, from March 14, 2000, were listed in the report as "instant offense." [PSR, ¶ 45]. Additionally, the charge of convicted felon in possession of a handgun, from May 19, 2000, was listed in the report as "instant offense." [PSR, ¶ 46]. Under Offense Level Computation, Specific Offense Characteristic, there is a four-level enhancement for firearm used in connection with another felony offense. [PSR, ¶ 20]. Although the sentencing judge indicated in his response to the DSCC that his normal practice is to have a sentence run consecutively, he also indicated that there was no consideration of relevant conduct in his sentence. This does not appear to be the case, as the PSR indicates that petitioner's sentence was adjusted upwards by four points because of the specific offense characteristic of a firearm being used in connection with another felony offense. Therefore, there is an argument to be made that the sentencing judge may have been mistaken when he concluded that relevant conduct was not an issue. The judge also indicated an intent to defer to the BOP on the issue of concurrent and consecutive sentences, given that the Bureau had more information available to them. Petitioner contends that the sentencing judge should be re-contacted on this issue.

After careful review, the Court finds that, given the broad discretion of the BOP, it must be recommended that petitioner's request for habeas corpus relief be denied. Under § 3621(b), which addresses the BOP's authority to designate the place of imprisonment, there are five factors to be

considered. Among these is: "(4) any statement by the court that imposed the [federal] sentence–(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate. . . ." The BOP considered this factor as one of three applicable and relevant factors enunciated under the section in reviewing petitioner's *nunc pro tunc* designation request. The BOP also considered factor two (the nature and circumstances of the offense), and factor three (the history and circumstances of the prisoner). It is apparent that both of these factors weighed heavily against petitioner, in that he has a long and serious criminal history. While the intention of the sentencing judge is a factor to be considered, after an exhaustive search of case law, the Court has found nothing to suggest that this is the only factor to be considered, or that this factor outweighs the others. Additionally, this is not a case where the sentencing judge recommended a concurrent sentence and the BOP clearly thwarted that intention. Rather, the BOP fully complied with addressing petitioner's request for a *nunc pro tunc* designation, finding, ultimately, that based on the factors to be considered, that request would be denied. From the documents submitted in this case, it appears that the BOP conducted a thorough 18 U.S.C. § 3621(b) review of petitioner's request for *nunc pro tunc* designation for credit on his federal sentence. In reviewing the decision to deny his requested designation, it is clear that the BOP considered the five factors set forth in § 3621(b). The BOP has broad discretion in its designation as long as it considers these factors. United States v. Fegans, 506 F.3d 1101, 1103 (8th Cir. 2007). After careful review of the record, the Court finds that the BOP in fact fulfilled its obligations under both 18 U.S.C. § 3621(b) and Barden in consideration and denial of petitioner's request.

This Court's review is limited to whether the BOP's decision was an abuse of discretion. See Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746-47 (8th Cir. 2001). Applying the foregoing

to the instant facts, the undersigned finds that the BOP's decision did not amount to an abuse of discretion.

Given the record as a whole, and affording substantial deference to the decision of the BOP, which the Court is required to do, it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date:   4/24/12